STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          Docket No. CR-02-120

FILED AND ENTERED
SUPERIOR COURT

OCT 25 2002

PENOBSCOT COUNTY

RICKY O MILLAY,             )
          Petitioner,       )
                            )
                            )
          v.                )        **DECISION AND JUDGMENT**
                            )
                            )              DONALD L. GARBRECHT
                            )                    LAW LIBRARY
STATE OF MAINE,             )
          Respondent.       )              NOV 1 2002

In this Petition for Post-Conviction Review the Petitioner alleges ineffective assistance of counsel. Specifically, he alleges that his trial counsel, Julio DeSanctis, Esq., failed to call witnesses and present evidence which he alleges would have cast doubt upon the elements of the State's case. He was convicted by a jury of Operating Under the Influence (C) and received a sentence of five years with all but three suspended and four years probation.

The blood alcohol test results were unavailable to the State as a result of the fact that the officer who conducted the test was apparently uncertified at the time of the test. Accordingly, the State was left with the observations of the officers and a store clerk to establish the fact that the Defendant was under the influence of alcohol.

Petitioner faults his attorney for not calling the following witnesses:

1. Dr. Stephen Arsenault, a chiropractor who would testify that the Defendant suffers from a physical condition which can give him difficulty in walking;

2. Lynn Knight, a convenience store clerk who saw the Defendant earlier in the day and would testify that he did smell of alcohol or walk unsteadily;

3. Duane Hogan, the Defendant's substance abuse counselor who would testify that the Defendant was doing well with his treatment.

Additionally, Petitioner faults DeSanctis for not preparing Kathy Green or himself for testimony at trial and sentencing. He asserts that DeSanctis took no time to review questions or issues before proceeding to the hearings. Kathy states that she is aware of Defendant's physical and cognitive deficits and could have explained them better at trial.

The record suggests that counsel appears to have been quite brusque and dismissive of his client and his suggestions during the period of his representation. While this court cannot say precisely what happened during their interactions, it appears that the Defendant and Kathy were left with the feeling that their suggestions were disregarded by counsel.

If DeSanctis had called the witnesses as suggested by Petitioner, would the outcome of the trial have been affected ? The record contains powerful indicators of the Petitioner's guilt in any event. The Petitioner declined field sobriety tests, stating that he had been through it all before. This is a powerful admission of guilt. The fact of his operation of the vehicle is not in question.

Lynn Knight could have testified that she smelled no alcohol and noted no abnormality in the Petitioner's gait. However, this does little to undercut the clear, affirmative testimony of the officer (who clearly smelled alcohol) and Susan Eager (who clearly saw the Petitioner stagger). Indeed, the Petitioner does not seem to dispute the fact that he smelled of alcohol, but claims that this odor was from his drinking on the night before. Further, there is a distinction between an uneven gait caused by back problems and a "stagger" as occasioned by intoxication. Dr. Arsenault made no suggestion that the physical problems cause staggering.

Kathy Green could have elaborated upon the Petitioner's cognitive deficits. She would testify that it sometimes takes the Petitioner a moment or two to respond to questions giving the appearance of being slow. She would further testify that his physical problems could give the appearance of intoxication. To some degree, she addressed some of these points in her testimony, but certainly the points could have been made more affirmatively.

Given Ms. Green's relationship with the Petitioner, the State would probably argue that her impartiality was suspect. She was further significantly impeached by the statement - attributed to her by the officers - that she had warned Petitioner not to drive because there were police officers in the area.

Although Petitioner offered evidence about his alcohol treatment during sentencing, he asserts that his presentation could have been made stronger by the use of Duane Hogan, his alcohol counselor. Perhaps, although this is a double edged sword. The fact of his treatment is commendable, but it tends to underscore the depth of the problem and the fact that the Petitioner was not being successful on the date of the offense. This court cannot say that the sentence would be significantly affected by tendering Hogan as a witness at the time of sentencing.

## CONCLUSION

Every attorney has his or her stylistic nuances. An attorney who is a good listener and explains each step in the decision making process is likely to have few complaints about his or her handling of a matter. An attorney who is abrupt and disregarding of his client's concerns and suggestions is likely to leave the impression that he has failed to adequately represent him.

In this instance, counsel made some strategic decisions (such as not calling the chiropractor as a witness) which this court cannot say were incorrect or prejudicial. He should, however, have explained his decision making process and spent greater time in preparing his witnesses for trial and spent time speaking to prospective witnesses before summarily deciding not to call them. While this court finds that counsel's manner of dealing with his client left room for improvement, it cannot say that he did not adequately represent his client in the face of a factual scenario which was extremely difficult to defend (even in the absence of the test). He was confronted with a client who admitted to drinking the night before the arrest, who was trying to procure alcohol in the morning, who appeared so intoxicated to a convenience store clerk that she would not consider selling alcohol to him, who hit a store sign upon attempting to drive out of a parking lot, who smelled of alcohol, who staggered, and who refused to perform any field sobriety tests. This is powerful evidence, and it is extremely unlikely that the jury would have reached a different, or that the Judge would have imposed a different sentence, upon these facts.

Accordingly, the court cannot conclude that counsel's performance fell below that of an ordinary fallible attorney. As such, the Petition for Post Conviction Review is denied.

So Ordered.


**The Clerk may incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).**

Dated:   October 24, 2002

_____
JUSTICE, SUPERIOR COURT